IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT JOSEPH LEWIS PRICE, | : | Civil No. 1:25-CV-01432 |
| Plaintiff, | : | |
| v. | : | |
| COMONWEALTH OF PENNSYLVANIA, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a civil complaint filed by Plaintiff Robert Joseph Lewis Price seeking the removal of his criminal case in Luzerne County, Pennsylvania. (Doc. 1.) Plaintiff has also filed a motion to proceed *in forma pauperis* and a motion for injunctive relief in the form of immediate release from Luzerne County Correctional Facility on nominal bail. (Docs. 4, 7.) The court will grant Plaintiff's motion to proceed *in forma pauperis*, screen the complaint, dismiss the complaint with prejudice, deny the motion for injunctive relief as moot, and close the case.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint in this court on August 4, 2025. (Doc. 1.) The complaint seeks the removal of Plaintiff's criminal action in Luzerne County in Case No. CP-40-CR-885-25 to this court. (*Id*.) Plaintiff makes this request on the following three grounds: (1) he is being denied proper due process; (2) he is being denied effective assistance of counsel; and (3) he is being

1

held on restrictive conditions under "excessive bail exceeding the amount of time that would ordinarily be imposed to [i]nduce culpability for means of entrapment." (*Id.*)

Plaintiff alleges that he was arrested on March 6, 2025 and arraigned for trespass and disorderly conduct. (*Id.*) He alleges that while he was held, he sought medical attention for conditions which caused him complications with breathing and talking and resulting in him not having counsel at the time of his arraignment. (*Id.*) He alleges he could not speak "to preserve rights from his holding cell, nor was he provided copies of the arrest warrant and the supporting affidavits." (*Id.*) Plaintiff alleges that due to his confinement and ineffective assistance of counsel, he is being deprived of the right to obtain proper evidence needed for his defense. (*Id.*)

Also on August 4, 2025, the court issued an administrative order requiring the payment of the filing fee in full or a properly completed motion to proceed *in forma pauperis*. (Doc. 3.) The court received Plaintiff's certified motion to proceed *in forma pauperis* and his prisoner trust fund account statement on September 2, 2025. (Docs. 4, 5.) On October 7, 2025, the court received Plaintiff's motion for injunctive relief seeking immediate release from county prison on nominal bail. (Doc. 7.)

**STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551

U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

### A. This Court Lacks Subject Matter Jurisdiction.

Plaintiff's complaint will be dismissed with prejudice in this action under 28 U.S.C. § 1915(e)(2)(B)(ii) because the court lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and are constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute. Moreover, federal law severely limits the circumstances under which a litigant may remove a case from state court to federal court. *See* 28 U.S.C. §§ 1441–1455.

Here, Plaintiff has not stated a valid basis for removal. When a defendant in a state criminal case files a notice of removal in a United States District Court, that court "shall examine the notice promptly." 28 U.S.C. § 1455(b)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

In the context of criminal prosecutions, this court lacks subject matter jurisdiction, except in certain narrow circumstances pursuant to 28 U.S.C. §§ 1442 (federal officers or agencies sued or prosecuted), 1442a (members of armed forces sued or prosecuted), or 1443 (civil rights cases). Plaintiff's removal motion fails to qualify under any of these provisions, as discussed further below.

To qualify for removal pursuant to Section 1442, a removing party must establish that he is an officer of the United States or a person acting under an officer of the United States. 28 U.S.C. § 1442; *see Pennsylvania v. Holloway*, No. 24-2209, 2024 WL 5103009 (3d Cir. Dec. 13, 2024). Plaintiff makes no assertion that he is an officer of the United States or a person acting under an officer of the United States. Therefore, the court lacks jurisdiction pursuant to Section 1442.

Removal under Section 1442a requires a removing party to show, among other things, that he is a member of the armed forces of the United States. 28 U.S.C. § 1442a; *See Pennsylvania v. Smith*, No. 24-1499, 2024 WL 3594362 (3d Cir. July 31, 2024). Plaintiff has not alleged that he is in the military. Thus, he has not alleged any facts supporting removal under Section 1442a.

Nor is this action removable under Section 1443. There are two ways an action is removable under Section 1443:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The Supreme Court specifically held that to establish jurisdiction under Section 1443(1), a defendant must satisfy the following two-pronged test:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' *Georgia v. Rachel*, *supra*, 384 U.S., at 792, 86 S.Ct. at 1790. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.  That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).  *City of Greenwood v. Peacock*, supra, 384 U.S., at 825, 86 S.Ct., at 1811.
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'  This provision normally requires that the 'denial be manifest in a formal expression of state law,' *Georgia v. Rachel*, *supra*, 384 U.S., at 803, 86 S.Ct., at 1796, such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.*, at 799, 86 S.Ct., at 1794.

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

Plaintiff has not alleged that he has been denied his civil rights in terms of racial equality.  Instead, he is alleging that his Sixth and Fourteenth Amendment rights are being violated because he is being denied effective assistance of counsel

and access to evidence in support of his defense. (Doc. 1.) He also alleges that his Sixth Amendment right to a speedy trial has been violated. (*Id*.) However, Section 1443(1) does not serve to remedy "the violation of . . . constitutional rights phrased in terms of general rights applicable to all citizens." *Pennsylvania v. Brown–Bey*, 637 F. App'x 686, 688 (3d Cir. 2016). Therefore, he has not established jurisdiction under Section 1443(1).

Next, the Supreme Court has stated that removal under 28 U.S.C. § 1443(2) "is available only to state officers." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 n.22 (1966). Plaintiff has not alleged that he is a state officer.

Furthermore, to the extent Plaintiff may instead be attempting to remove his criminal cases pursuant to 28 U.S.C. § 1441 based on federal question or diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332, he cannot do so, as Section 1441 only applies to the removal of civil cases. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Additionally, the federal question statute applies to civil (not criminal) cases. *See* 28 U.S.C. § 1331 ("The district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Plaintiff does not appear to be asserting diversity jurisdiction and even if he does, the diversity statute does not apply to criminal actions. *See* 28 U.S.C. § 1332 ("The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between—(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state. . . ."). Again, the cases Plaintiff is attempting to remove are criminal, not civil, actions.

Even if this court were to consider this complaint as notice of removal of a lawsuit under 42 U.S.C. § 1983, the complaint would be subject to summary dismissal. Plaintiff is requesting relief in the form of removal of his criminal case which, as discussed above, he may not do. He is also requesting that this court intervene in his pending criminal cases, which this court cannot do. Federal courts, absent extraordinary circumstances, are not authorized to interfere with a State's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Id*. at 43–44. Plaintiff has satisfied these requirements.

### B. The Motion for Injunctive Relief Will Be Denied.

Plaintiff has filed a motion for injunctive relief seeking immediate release from Luzerne County Correctional Facility on nominal bail. (Doc. 7.) Because this court lacks subject matter jurisdiction and the complaint will be dismissed with prejudice, Plaintiff's motion will be denied as moot.

### CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* will be granted. However, his complaint will be dismissed with prejudice because he has not established that this court has jurisdiction over these matters. *See* 28 U.S.C. § 1455(b)(4). The court will also deny the motion for injunctive relief as moot. The Clerk of Court will be directed to close the case.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Date: December 8, 2025